**MOORLAND COURT, Inc., an Alaskan corporation, Plaintiff,**

**v.**

**Norman P. MASON, as Commissioner of Federal Housing Administration, Defendant.**

**Civ. No. 8147.**

United States District Court
D. Oregon.

Dec. 20, 1955.

Donald W. McEwen, Portland, Or., for plaintiff.

Robert R. Carney, Asst. U. S. Atty., Portland, Or., for defendant.

McCOLLOCH, Chief Judge.

Liberalized venue statutes like the one under consideration, 12 U.S.C.A. § 1702, should be applied in the light of the long time effort of Government administrators and agencies to hide behind Government immunity; and when sued by a citizen aggrieved, to insist that the suit could only be maintained in the District of Columbia. The particular oppression of the legislative set-up of O.P.A. which closed local courts to aggrieved citizens, provides background for statutes like 12 U.S.C.A. § 1702 and 43 U.S.C.A. § 666. The recently enacted transfer statute also has a bearing. 28 U.S.C.A. § 1404.

Judgment for plaintiff on the segregated issue of venue.[1]

---

1. Justice Cardozo, when appointed from the Court of Appeals of New York to the Supreme Court, commented that he found his new task to be largely determining what Congress meant.

"In drafting legislation, he believed that it has been the fashion 'to darken by gibberish, by tautology, by circumlocution that meaning which ought to be as transparent as words can make it'. The blame for this he fixed on the profession, accustomed to draw legal instruments distinguished 'by prolixity, obscurity, affected precision and real vagueness.' " Walter P. Armstrong, writing on Thomas Babington, Lord Macaulay, 34 American Bar Association Journal, 994.

A recent modern article "Improving Our Legal Writing" is to be found in the December 1954 number of the American Bar Association Journal.

And see "Scientific Method in the Law" by Urban A. Lavery, distinguished Chicago practitioner, 18 F.R.D. 123, 128 (November 1955).